WESTERN DIST.
Oct. 1838.

BASS
vs.
BARTON.

The words " without defalcation," in a note imply, that it is to be paid to the holder without any diminution, or claim to set off or otherwise, by the maker and endorser.

BASS *vs.* BARTON.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CARROLL.

The provisions of article 900 of the Code of Practice, relates to cases in which the appellant seeks to obtain from the judge, a statement of facts, or his signature to bills of exception, and not to applications for time, and a *mandamus* to the judge *a quo* to complete the record.

At any time before or at the argument of the cause, the appellant may obtain further time, and a *mandamus* to the judge *a quo*, to complete and bring up the record. Time is given until the next term, to complete and file the record.

WESTERN DIST.
Oct. 1838.

BASS
vs.
BARTON.

In this case an appeal was granted, returnable to the October term, 1837, of this court. The record was made out with a certificate, in the name of the probate judge, appended to it, that it " contained a copy of all the documents on file, a transcript of all the proceedings had, and all the testimony adduced in the cause," but the signature of the judge was omitted. This transcript was regularly filed on the 2d October, 1837, being the first day of the term. The court was opened on three several days of this term, but no business done, and it adjourned over to the next year.

Now, on the 2d day of the October term, 1838, an affidavit and motion is filed, praying for an extension of the return day of said appeal, until the 1st Monday in October, 1839, and that a writ of *mandamus*, be awarded to the probate judge of the parish of Carroll, commanding him to make out and certify a true and correct record of the appeal.

Selby, for the defendant and appellee, filed a motion on the 2d day of the October term, 1837, to dismiss this case for want of the certificate of the probate judge, and insisted on its dismissal.

*Stacey*, for the appellant, contended, that the party had a right at any time before the argument of the cause, to make a motion for time to complete the record ; and now moved for a *mandamus* to the probate judge, to complete and sign the certificate at the foot of the record, and for time, until the next term to bring it up and file it. He cited *Code of Practice, article* 898.

*Selby, contra.*

*Bullard, J.*, delivered the opinion of the court.

The appellee moved the court to dismiss the appeal in this case, by written motion, filed by the clerk on the second day of the last term. That motion was not acted upon, because no business was transacted at that term. On the second day of the present term, the appellant moved for further time to

bring up the transcript, and for a *mandamus* addressed to the judge, commanding him to certify the record. The defect is apparent, the file of papers purporting to be a transcript, is without the signature of the judge.

This motion on the part of the appellant is opposed, on the ground, that according to article 900 of the Code of Practice, it should have been made on the first day of the term. We are of opinion, that that article relates only to cases in which the party wishing to appeal, seeks the aid of this court, to obtain from the judge a statement of facts, or his signature to bills of exceptions, taken during the trial below, and not to a case like the present, where the only object is to obtain a certified copy of the record and proceedings. Article 898, gives to the appellant a right to have a defect in the transcript corrected, even if the defect should be discovered at the time of the argument. Nothing shows that the defect in this case, is attributable to the fault of the appellant.

The motion to dismiss, is therefore, overruled, and it is ordered, that time be given to the appellant until the next term of the court, to bring up a transcript ; and it is further ordered, that a *mandamus* issue, commanding the judge of the Court of Probates for the parish of Carroll, to certify the same according to law.

<div style="margin-left:auto">

WESTERN DIST.

*Oct.* 1838.

The provisions of the 900th article of the Code of Practice, relates to cases, in which the appellant seeks to obtain from the judge a statement of facts, or his signature to bills of exception, and not to applications for time, and a mandamus to the judge *aquo* to complete the record.

At any time before or at the argument of the cause, the appellant may obtain further time, and a *mandamus* to the judge *a quo* to complete and bring up the record. Time is given until the next term to complete and file the record.